Filed 10/7/13  Alsheikh v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| EDDIE ALSHEIKH et al., | No. B249822 |
| Petitioners, | (Super. Ct. No. BC360109) |
| v. | (Jane L. Johnson, Judge) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| SARA LEE FRESH, INC. et al, | |
| Real Parties in Interest. | |

Original proceeding; petition for writ of mandate.  Jane L. Johnson, Judge. Granted and remanded with instructions.

Arias, Ozzello & Gignac, Mike Arias; Law Offices of George Kaufman, George A. Kaufman; Kreindler & Kreindler, Gretchen M. Nelson; Law offices of Jonathan Weiss and Jonathan Weiss for Petitioners and Plaintiffs.

No appearance for Respondent.

Paul Hastings, Donna Melby, Elizabeth Brown, Holly House, and Sean Unger for Defendants and Real Parties In Interest.

## INTRODUCTION

Petitioner and plaintiff Sylvia Ingoglia (plaintiff) is one of the four plaintiffs who filed a class action against real parties in interest and defendants Sara Lee Fresh, Inc., Sara Lee Corporation, Grupo Bimbo S.A.B. De C.V, Bimbo Bakeries USA Inc. and Earthgrains Distribution, LLC (collectively defendants). Out of three petitioners, two of the plaintiffs settled their case with defendants shortly before the oral argument in this matter, leaving just plaintiff Sylvia Ingoglia as the remaining petitioner.

Plaintiff alleged she was an employee denied wage and hour benefits under the Labor Code. Plaintiff also alleged that if she were an independent contractor, defendants violated state antitrust laws by setting the price at which plaintiff was required to sell baked goods to those stores and by imposing territorial restrictions. Plaintiff alleged in her 12th and 13th causes of action violations of Business and Professions Code section 16720, California's antitrust law (Cartwright Act), and in her 15th cause of action violation of Business and Professions Code section 17200 (Unfair Competition Law).

Defendants demurred to plaintiff's 12th, 13th and 15th causes of action, in which she alleged an antitrust violation and unfair competition based on the facts of vertical price fixing and horizontal territorial divisions. Defendants asserted that plaintiff had failed to allege an antitrust violation. Defendants also contended that even if plaintiff had alleged an antitrust violation based on such acts, such acts are no longer per se illegal under the Cartwright Act. Defendants argued that the California Supreme Court case of *Mailand v. Burckle* (1978) 20 Cal.3d 367, in which the court held that the per se rule applied to vertical price fixing under the Cartwright Act, was no longer good law because the court relied upon federal law that subsequently had been abandoned by the United States Supreme Court in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.* (2007) 551 U.S. 887.

We hold that plaintiff's allegations in the operative complaint do not show vertical price fixing in violation of the Cartwright Act. Although granting the petition for a writ of mandate, we remand the matter to the trial court with instructions to sustain the

2

demurrer as to the 12th and 15th causes of action with leave to amend. For guidance of the trial court we note that the holding in *Mailand v. Burckle, supra,* 20 Cal.3d 367 that vertical price fixing is a per se violation of the Cartwright Act is the governing law of California.

## BACKGROUND

In her fourth amended complaint, plaintiff alleged that she has agreements with defendant Sara Lee Corporation to distribute the latter's baked goods in California. Defendant Sara Lee Fresh, Inc. is the alter ego of defendant Sara Lee Corporation. (The two entities are referred to collectively as Sara Lee.) Defendant Earthgrains Distribution LLC operates the Sara Lee Corporation distribution system. Defendant Grupo Bimbo S.A.B. De C.V., operating through defendant Bimbo Bakeries USA Inc., ultimately assumed all the outstanding rights and obligations of Sara Lee in the distribution agreements.

Plaintiff alleged that defendants entered into agreements with various chain stores, such as Vons, Safeway, Ralphs, Costco, Smart & Final, Sam's Club, Walmart, Target, Food 4 Less and other similar stores, by which agreements defendants committed to deliver baked goods to the chain stores, and the chain stores agreed to provide shelf space and displays for those products. Defendants entered into distribution agreements with plaintiffs, who bought the baked goods from defendants and resold them to retail stores, including the chain stores. Virtually all of the retail sales to consumers of defendants' products take place through the chain stores. The distribution agreement between plaintiffs and defendants is attached to the complaint.

These distribution agreements assigned plaintiff a specific geographic area, and she was not permitted to sell goods outside that area. Plaintiff purchased the goods from defendants and took title to those goods. Defendants claimed that plaintiff was an independent contractor. The distribution agreement provided as follows: "§3.3. TERMS: Products will be sold to DISTRIBUTOR on terms and prices established by SARA LEE FRESH from time to time. [¶] §5.2 SALES TO CHAINS: In order to

3

enable DISTRIBUTOR to pursue business opportunities with Chains, which may require standard terms for all DISTRIBUTORS, DISTRIBUTOR hereby designates SARA LEE FRESH and SARA LEE FRESH hereby agrees to act, as DISTRIBUTOR'S agent. SARA LEE FRESH shall use commercially reasonable efforts to obtain from Chains authorization to sell Products in the Chains and information regarding the prices and terms at which the Chains would be willing to purchase Products for their Outlets, and SARA LEE FRESH will communicate the information concerning such authorizations, prices and terms to DISTRIBUTOR. This appointment of SASRA LEE FRESH as DISTRIBUTOR'S agent shall not prevent DISTRIBUTOR from having the right to negotiate prices and terms directly with a Chain and selling Products to the Chain at whatever prices and terms DISTRIBUTOR can negotiate. In addition, DISTRIBUTOR shall have the option to revoke the designation of SARA LEE FRESH as DISTRIBUTOR'S agent at any time on thirty (30) days notice. Nothing herein shall require SARA LEE FRESH to pay slotting allowances or other similar fee charges imposed by the Chains."

Defendants negotiated agreements with the chain stores concerning the prices of defendants' product sold to the chain stores by plaintiff. Plaintiff alleged that the agreement required plaintiff to comply with the terms of the agreement reached between defendants and the chain stores. This was at odds with the actual term of the distribution agreement allowing plaintiff to negotiate the price. "For purposes of a demurrer, we accept as true both facts alleged in the text of the complaint and facts appearing in exhibits attached to it. If the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence." (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567-568.) Plaintiff also alleged, in effect, she was required to comply with defendants' price because she was provided computerized devices that were preprogrammed with the prices fixed between defendants and the chain stores.

Plaintiff alleged in her 12th cause of action that defendants had violated the Cartwright Act by fixing the price at which plaintiff sells defendants baked goods to the

chain stores and by imposing territorial and customer restrictions on plaintiff. In her 15th cause of action plaintiff alleged that defendants' actions constitute an unfair business practice in violation of the Unfair Competition Law. Plaintiff also alleged wage and hour claims based on the theory she was an employee, but the trial court declined to certify the employment-related claims for class treatment. The trial court sustained without leave to amend demurrers to the 12th and 13th causes of action and granted the motion to strike the 15th cause of action.

Upon a petition for writ of mandate by three plaintiffs, this court issued an alternative writ of mandate compelling the respondent trial court to vacate that portion of its order sustaining defendants' demurrer as to the 12th cause of action and granting the defendants' motion to strike the 15th cause of action or show cause why a peremptory writ ordering it to do so should not issue. The trial court, after conferring with the parties elected not to vacate its orders.[1] Shortly before oral argument before this court, two of the plaintiffs notified the court that they settled their case with defendants. Thus, we deal only with plaintiff Sylvia Ingoglia's claim.

## DISCUSSION

### A.     Standard of Review

On an appeal from a court order sustaining a demurrer to a complaint, "[w]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts, including those that may reasonably be implied or inferred, properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*City of Dinuba v. County of Tulare* (2007) 41

---

[1]     We deny defendants' motion to supplement the record on appeal with material arising after the order being reviewed.

Cal.4th 859, 865.)  If any one of multiple grounds supports the demurrer or the order sustaining the demurrer is correct, even if on a ground not relied upon by the trial court, we would uphold the trial court's determination.  (*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at pp. 966-967; *Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 426.) We review a ruling on a demurrer de novo.  (*Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 173.)

### B.        Price Fixing Not Alleged

The distribution agreement with the remaining plaintiff expressly gives her the right "to negotiate prices and terms directly with a Chain and selling Products to the Chain at whatever prices and terms DISTRIBUTOR can negotiate."  This contradicts plaintiff's allegation that defendants control the prices that plaintiff charges chain stores "by including provisions in the Distribution Agreements which require plaintiff and the class members to comply with the terms of the agreements reached between defendants and the Chain Stores."  Plaintiff further alleged, "and by using hand-held devices and computer systems that are pre-programmed with the prices fixed between Defendants and the Chain Stores."  But there is no allegation that those devices must be used, or how they are used, or that the prices in them cannot be altered.

Although the allegations may be applicable to other class members, they are not applicable to the remaining plaintiff in this case.  Thus, plaintiff has not alleged facts as to her sufficient to state a cause of action for vertical price fixing in violation of the Cartwright Act.  Had the distribution agreements contained the provision alleged or there were allegations that the agreements operated in such a way as to "limit[] the distributor's freedom to sell the supplier's product at a price independently selected by the distributor . . ." (*Kunert v. Mission Financial Services Corp.* (2003) 110 Cal.App.4th 242, 263), then a Cartwright Act violation might be stated.  We also note that if there were vertical price fixing, that would, under *Mailand v. Burckle, supra,* 20 Cal.3d 367, be a per se violation under the Cartwright Act, notwithstanding a change of law under the Sherman Antitrust Act, 15 U.S.C. section 1 et seq. (see *Leegin Creative Leather*

6

*Products, Inc. v. PSKS, Inc., supra,* 551 U.S. 887).  We are bound to follow the law set forth by our Supreme Court applying state law.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Although granting the petition for writ of mandate, we remand the matter to the trial court only to allow plaintiff the opportunity to amend or add a new class representative to her fourth amended complaint.  (See *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1004-1005.)

## DISPOSITION

The petition for writ of mandate is granted and remanded with instructions to sustain the demurrer as to the 12th and 15th causes of action with leave to amend.  Costs are not awarded.

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

KUMAR, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.